UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:17-cr-55-5

        Plaintiff,

   v.   MEMORANDUM OPINION
          AND ORDER

Andre Arthur,

        Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Andre Arthur, an inmate at Federal Prison Camp – Ashland in Ashland, Kentucky, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or to be placed on home confinement for the remainder of his sentence. (Doc. Nos. 697 and 707). The government opposed Arthur's request. (Doc. No. 709). After the government filed its brief in opposition, Arthur filed two supplemental motions for release. (Doc. Nos. 717 and 724). The government also has filed a notice of supplemental authority, describing its position regarding recent Sixth Circuit caselaw. (Doc. No. 765).

In March 2017, Arthur was indicted on one count of conspiracy to possess with the intent to distribute and distribution of heroin and cocaine and fourteen counts of distribution of heroin. Arthur pled guilty to the conspiracy count, while the remaining charges against him were dismissed. (Doc. No. 693). While Arthur's Guidelines range called for a sentence of 120 to 135 months, I concluded the circumstances of the case, both in Arthur's pre- and post-arrest conduct, warranted a

lower term. I sentenced Arthur to 60 months in custody, to be followed by a three-year term of supervised release. (*Id.*). Arthur did not appeal and began serving his sentence in January 2020.

On May 5, 2020, Arthur filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1). (Doc. No. 697). With the assistance of counsel, he subsequently filed a second motion for compassionate release, (Doc. No. 707), as well as two motions to supplement his motion for release. (Doc. No. 717; Doc. No. 721). He asserts he has several medical conditions which increase his risk of serious illness or death if he were to contract Covid-19 while in incarcerated in the Federal Bureau of Prisons ("BOP"). (Doc. No. 697). He also seeks release to help care for his fiancé and her daughter, both of whom have serious health conditions. (Doc. No. 717).

The government argues Arthur has not demonstrated there are extraordinary and compelling reasons to justify the reduction of his sentence and that the BOP is able to provide adequate medical care for Arthur's health conditions. (Doc. No. 709). Further, the government contends Arthur fails to show a sentence reduction would be consistent with the factors set forth in 18 U.S.C. § 3553(a).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that

2

the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Arthur submitted a request for compassionate release or home confinement to the staff at FCP Ashland on April 28, 2020; his request was denied the same day. (Doc. No. 707-1). The government contends this request was not sufficient to meet the statutory requirements because Arthur did not provide a release plan as contemplated by federal regulations and he did not "wait 30 days after making such request, if denied, to petition this court." (Doc. No. 709 at 3-4). The government's arguments are not persuasive. Section 3582(c)(1)(A) does not require that a defendant submit a release plan or wait 30 days after submitting a request substantially in the form described in C.F.R. 571.61(a). Arthur clearly requested compassionate release due to his potential risk for serious complications if he were to contract Covid-19, and the government fails to show this request is insufficient to trigger the 30-day period defined by statute. *See Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (Statutory exhaustion provisions must be taken "at face value.").

Arthur asserts he has two underlying health conditions – asthma and obesity – which the Centers for Disease Control and Prevention ("CDC") have identified as increasing an individual's risk for severe complications from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Arthur does not offer any details about his asthma, other than he has had it since childhood. (Doc. No. 707 at 2). While he recently requested that the institution provide him with an inhaler, his

3

medical records indicate he did not have any significant wheezing or coughing, (Doc. No. 707-2 at 1), and he fails to establish a basis to conclude his asthmatic condition constitutes moderate to severe asthma. *See Zaya v. Adducci*, No. 20-10921, 2020 WL 2487490, at *3 (E.D. Mich. May 14, 2020) (concluding petitioner had not carried his burden of establishing asthma increased his risk of serious illness or death from COVID-19 because "[p]etitioner neither provides the Court with a definition of moderate to severe asthma nor describes the severity of his own"). *Cf. United States v. Roscoe*, No. 19-CR-20537, 2020 WL 1921661, at *6 (E.D. Mich. Apr. 21, 2020) (concluding defendant's asthma warranted "heightened concern about his potential exposure to COVID-19" where defendant had been "frequently hospitalized as child due to asthma" and jail officials were slow to provide the defendant with a kite inhaler).

As the government acknowledges, Arthur's body mass index ("BMI") places him within the higher risk group if he were to contract Covid-19. (*See* Doc. No. 697 at 1 ("[M]y B.M.I. is over 40."); Doc. No. 721 at 1 (calculating Arthur's BMI at 49.8 and noting the CDC considers a BMI over 30 to be a risk factor)). Other courts have recognized severe obesity as one of the most significant risk factors leading to serious complications from a Covid-19 infection. *See United States v. Price*, No. 15-20472, 2020 WL 5440164, at *4 (E.D. Mich. Sept. 10, 2020); *United States v. Olawoye*, No. 15-00172, 2020 WL 4559816, at *4 (D. Or. Aug. 7, 2020).

This does not mean Arthur is entitled to release however, as an increased risk of "developing the more severe symptoms of COVID-19 is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Morgan*, No. 16-CR-20825, 2020 WL 5095525, at *4 (E.D. Mich. Aug. 28, 2020) (internal quotation marks omitted). Further, as of September 23, 2020, FPC Ashland had not reported any cases of Covid-19. *See United States v. Wingo*, No. 15-20450, 2020 WL 4676388, at *2 (E.D. Mich. Aug. 12, 2020) ("Although COVID-19 presents serious risks in the federal prison system, the mere existence

4

of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Arthur also seeks release based upon the precarious health of his fiancé and her daughter. (Doc. No. 717). There is no doubt that the circumstances Arthur describes would be extremely stressful and challenging in the best of times, but they do not meet the high standard set forth in § 3582(c)(1)(A). Even if I were to conclude Arthur had established extraordinary and compelling reasons to justify a modified sentence, I cannot conclude such a sentence would serve the purposes of § 3553(a). 18 U.S.C. § 3553(a)(1)-(2). Arthur has served less than 20% of the 60-month sentence he received after pleading guilty and acknowledging responsibility for the distribution of between one and three kilograms of heroin. An effective sentence of one year in custody and seven years on supervised release – even if Arthur was subject to home confinement for four of those years – would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense.

I conclude Arthur fails to establish extraordinary and compelling reasons to justify a reduced sentence or that a reduced sentence would fulfill the objectives of § 3553(a).

### III. CONCLUSION

For these reasons, I deny Arthur's motions to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 697; Doc. No. 707), and his motions to supplement. (Doc. No. 717; Doc. No. 721).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge